

**IT IS ORDERED as set forth below:**

**Date: February 24, 2014**

_____
**Paul W. Bonapfel
U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| FREESE II, INC, | : | CASE NUMBER: 12-80340-PWB |
| | : | |
| Debtor. | : | JUDGE BONAPFEL |

_____

<u>ORDER CONFIRMING PLAN</u>

Freese II, Inc., Debtor herein, filed an Amended Plan of Reorganization and an Amended Disclosure Statement on November 20, 2013 [Docket No. 61]. Copies of the Amended Plan and the Amended Disclosure Statement were transmitted to all holders of claims and interests and to the United States Trustee, and a hearing on confirmation of the Amended Plan was held on January 7, 2014. The following appeared at the hearing: A creditor, Cedric Bryant, who had rejected the plan and opposed confirmation; David Weidenbaum from the US Trustee's Office; and Debtor's Attorney.

At the hearing on January 7, the Debtor and Mr. Bryant announced that Mr. Bryant's claim would be allowed in the amount of $1,000,000. The Debtor also announced a technical change with regard to Dekalb County and the Dekalb County Tax Commissioner.

The Court ruled that it would confirm the Amended Plan, as thus changed to deal with Mr. Bryant's claim and Dekalb County, based on its findings of fact and conclusions of law that it announced on the record at the hearing. The Court directed Debtor's counsel to submit a proposed order after Mr. Bryant and Mr. Weidenbaum reviewed its form.

Mr. Bryant did not approve the form of a proposed order and instead renewed his objection and requested that the Court reconsider its ruling. [Docket Nos. 72, 73].[1] The Court scheduled a hearing, which was held on February 18, 2014.

At the February 18 hearing, Mr. Bryant did not proffer any evidence or identify any legal basis that would support denial of confirmation. For reasons the Court explained on the record at the February 18 hearing, and based on the Court's findings of fact and conclusions of law announced at both hearings, the Court concludes that the Amended Plan meets the requirements for confirmation set forth in 11 U.S.C. §1129(a) and (b). The Court will, therefore, confirm it, modified as set forth in this Order.

At the February 18 hearing and in his papers filed with the Court, Mr. Bryant contends that his claim should be allowed for more than $1,000,000. This is a different issue than plan confirmation. It is appropriate to permit Mr. Bryant to seek allowance of his claim in a greater amount, subject to any legally available defenses and objections that the Debtor may have,[2] and the Debtor agreed at the hearing to modification of its Amended Plan to so provide. Therefore, the Amended Plan by this Order is thus modified, and the Court will order that confirmation does not affect the allowance of Mr. Bryant's claim. Once his claim is allowed, he will receive payments in the amounts and at the times that the Amended Plan specifies for Class 4 Claims.

Based on the foregoing, it is hereby ORDERED and ADJUDGED as follows:

1. The Amended Plan, modified as set forth in this Order, meet the requirements for confirmation set forth in 11 U.S.C. §1129(a) and (b) and is hereby confirmed.

---

[1] These documents also requested that the Court order the production of certain documents. For reasons announced at the hearing, the Court denies those requests, without prejudice.
[2] Those defenses and objections relate only to the amount of damages at this point. The State Court of Dekalb County has entered an Order that establishes liability.

2. The Amended Plan of Reorganization is modified as follows:

(a) With regard to the claim amount of Cedric Bryant in Class 4, the allowance and treatment shall be as set forth above.

(b) "Dekalb County Tax Commissioner" included in Class 2 shall be changed to reflect the correct name of the creditor, "Dekalb County".

3. Notwithstanding any language in the confirmed plan to the contrary, this Court will retain only such jurisdiction in this case as it is required to retain under the Bankruptcy Code and Rules.

4. Within 120 days from the entry of this Order, the debtor shall file a report stating whether the estate has been fully administered within the meaning of the Bankruptcy Rule 3022 and setting forth a list of all fees and expenses paid to all professionals including attorneys for the debtor, the trustee and the trustee's attorney, together with an application for a final decree closing the case.

END OF DOCUMENT

Modified by the Court based on Original: Submitted by Ian M. Falcone, attorney for Debtor; approved by Mark Thompson, attorney for Dekalb County and Dekalb County Tax Commissioner; and approved as to form by David Weidenbaum, attorney for U.S. Trustee.

DISTRIBUTION LIST

Ian M. Falcone
THE FALCONE LAW FIRM, PC
363 Lawrence Street
Marietta, GA 30060

David Weidenbaum, Esq.
362 Richard Russell Building
75 Spring Street, S.W.
Atlanta, Georgia 30303

ASCAP
PO Box 331608-7515
Nashville, TN 37203

BMI
PO Box 630893
Cincinnati, OH 45263

Frank Leathers
4170 Dunmore Rd
Decatur, GA 30034

GA Dept of Revenue-Sales Tax
1800 Century Center Blvd
Atlanta, GA 30345

Lisa Mitchell
c/o Trent Speckals, Esq.
1827 Independance Square
Atlanta, GA 30338

Smith Welch Webb & White
404 Thomaston Street
Barnesville, GA 30204

Aaron Collins
c/o Phillys Williams
315 W Ponce De Leon, #321
Decatur, GA 30030

Ameris Credit Financial svs
c/o Adam Russo
5555 Glenridge Conn #900
Atlanta, GA 30342

Cedric Bryant
2531 Hartford Drive
Ellenwood, GA 30204

John Ross
c/o Phillys Williams
315 W Ponce De Leon, #321
Decatur, GA 30030

Johnathan Wimberly
c/o Kenneth Mitchell
5000 Snapfinger Wds Dr, #300B
Decatur, GA 30035

Michelle Ross
c/o Phillys Williams
315 W Ponce De Leon, #321
Decatur, GA 30030

Mark Thompson
1300 Commerce Drive
5th Floor
Decatur, GA 30030

Paul Brenner
2232 Major Loring Way
Marietta, GA 30064